UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNN MAFFEI AND VINCENT MAFFEI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-369** |
| **DOLLAR TREE STORES, INC.** | **SECTION "B"(4)** |

ORDER AND REASONS

I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Defendant's, Dollar Tree Inc., "Motion for Summary Judgement" (Rec. Doc. 17) as well as Plaintiffs', Lynn Maffei and Vincent Maffei, "Memorandum in Opposition to Motion for Summary Judgement" (Rec. Doc. 23) and Defendant's "Reply Memorandum in Support of Motion for Summary Judgement" (Rec. Doc. 28). For the reasons set forth below, **IT IS ORDERED** that the Defendant's Motion for Summary Judgement is **GRANTED**.

II.  FACTS AND PROCEDURAL HISTORY

The undisputed facts are as follows. Plaintiff, Lynn Maffei used the women's restroom inside of the Dollar Tree store in Covington, Louisiana and alleged that she fell off of a loose toilet seat and suffered injuries (Rec. Doc. 17-2 and Rec. Doc. 23-1). The toilet seat was missing two nuts, causing it to become loose (Rec. Doc. 17-2 and Rec. Doc. 23-1).

**III. CONTENTIONS OF MOVANT**

Defendant argues that Plaintiffs cannot recover because under Louisiana's Merchant Liability Statute as found in LSA-R.S. 9:2800.6, the Plaintiff must demonstrate that the Defendant had either actual or constructive notice of the hazard and that the Defendant failed to exercise reasonable care. The Defendant argues that the Plaintiffs claims should fail because Ms. Maffei has not alleged that the Defendant had either actual or constructive notice of the broken toilet seat.

**IV. CONTENTIONS OF OPPONENTS**

Plaintiffs argue that summary judgement is improper because there are genuine issues of material fact as to whether they meet all three elements of Louisiana's Merchant Liability Statute. Plaintiffs read the second and third elements together and contend that if Dollar Tree Inc. properly maintained the bathrooms through cleaning the toilet seats, it would have been on constructive notice that the toilet seat was defectively loose. Plaintiffs also contend that the Defendant's Summary Judgment Motion is premature because the Plaintiffs need more time to conduct discovery regarding these issues.

**V.     SUMMARY JUDGEMENT STANDARD**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other

evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**VI. DISCUSSION**

**Plaintiffs' Negligence Claims**

According to the Louisiana Supreme Court "in a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, addition to all other elements of his cause of action, that: (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2)

4

The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) The merchant failed to exercise reasonable care." *White v. Wal-Mart Stores*, 97-0393 (La. 9/9/97); 699 So.2d 1081, 1083-84. The Plaintiff has the burden of proving all three of these elements. *White*, 699 So. 2d at 1086.

The Defendant should prevail on its motion for Summary Judgement because it is undisputed that the Plaintiffs cannot prove that the Defendant had constructive notice. The Plaintiffs did not provide evidence that Dollar Tree Inc. had actual or constructive notice of the loose nuts in the defective toilet seat. The Louisiana Supreme Court defined constructive notice as meaning that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* at 1084. The Plaintiffs complaint and their Opposition to the Defendant's Motion for Summary Judgement fail to allege any evidence of a temporal aspect to their claim. The Plaintiffs have proffered no evidence to substantiate the claims that the Defendant should have known that the toilet was defective.

Plaintiffs attempt to circumvent the constructive notice requirement in their opposition by arguing that if the Defendant had exercised reasonable care by cleaning the bathroom properly, it would have been put on constructive notice that the toilet seat was defective. However, the Plaintiffs have the burden of proving

all three elements for a successful negligence claim. The Plaintiffs cannot evade satisfying all three elements by stating that because the Defendant did not clean the premises as Plaintiffs' allege, the Plaintiffs are now excused from having to establish actual or constructive notice. The Plaintiffs interpretation of the statutory requirements needed to bring a negligence claim for all intents and purposes negates the third element of the statute. There would be no need for courts to look into whether a Defendant "exercised reasonable care" if the "constructive notice" element was inclusive of that factor as the Plaintiffs contend.  The three elements are separate and the Plaintiffs' attempt to conflate the "constructive notice" element and the "exercise reasonable care" element will not allow them to survive the Defendant's Motion for Summary Judgement.

### **Summary Judgement is Premature**

The Plaintiffs also argue that the Defendant's Motion for Summary Judgement is premature and that they require more time for discovery. Discovery has been open for months and the parties are on the eve of trial. The Motion for Summary Judgement is not premature and sufficient time for discovery has been allowed.

**VII. CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that the Defendant's Motion for Summary Judgement is **GRANTED**.

New Orleans, Louisiana, this 27th day of October, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE